```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                            AT NASHVILLE

BEAU K. BROTHERS,              )
                               )
       Plaintiff and           )
       Counterclaim Defendant  )    No. 3:16-0905
v.                             )    Judge Crenshaw/Brown
                               )
CARPEVITA HOLDINGS, INC.       )
and CARPEVITA, INC.,           )
                               )
       Defendants and          )
       Counterclaim Plaintiffs )

and

SITTERS ETC., INC. and SITTERS )
ETC. FRANCHISING, LLC,         )
                               )
       Plaintiffs              )    No. 3:16-1200
                               )    Judge Crenshaw/Brown
v.                             )
                               )
BEAU K. BROTHERS,              )
                               )
       Defendant
```

## **O R D E R**

A lengthy hearing was held in this matter on July 22, 2016, concerning six discovery items that were necessary to be resolved prior to the hearing before Judge Crenshaw on the preliminary injunction.

The first **two items** involved four credit cards: two American Express accounts, a Capital One account, and a Chase Southwest Airlines account.

After discussion with the parties the Plaintiff should provide the credit cards' statements for the dates requested. It appears to the Magistrate Judge that inasmuch as the Plaintiff apparently has access to these four accounts, he should be able to request and print out the statements from the accounts with

relatively little difficulty. These statements should be provided as soon as practicable and certainly no later than **July 28, 2016**.

The Magistrate Judge understands that Mr. Brothers' deposition is now scheduled for August 2, 2016, and although that date is one day past the previously set deadline, there are good reasons for doing it on that date, and a one-day extension is **GRANTED**.

**Item three** requested the credit cards' statements or any other personal cards that were paid by either Sitters' entities or that Mr. Brothers' claims were reimbursed.

The Plaintiff need not answer this request at this time. The Magistrate Judge believes that this is getting well into the merit litigation and would not be essential for the upcoming hearing before Judge Crenshaw.

**Item four** is the bank statements for any accounts where Mr. Brothers deposited funds on six specific dates with designated amounts. During discussion with Mr. Brothers' counsel, he stated that they would not dispute that he received the funds listed in Item 4. In view of this, Defendant's counsel advised that they would not need these records at this point. To the extent that during the merits part of the case Mr. Brothers contends that he used these funds to pay corporate expenses, then checks showing such payments would be relevant at that time. They are not needed for the upcoming hearing.

**Item five** requests bank statements for any account in which Mr. Brothers deposited $127,500 in connection with a franchise fee from a Minnesota company. Mr. Brothers will be

2

deposed and the Magistrate Judge expects Mr. Brothers to provide specific answers to questions concerning the disposition of this franchise fee. If he cannot provide specific answers the Defendant may reopen this request and it will be granted.

**Item six** requested bank statements for any accounts to which Mr. Brothers deposited any other funds received through certain dates. After discussion with counsel, this is really a continuation of **Item four** and the same ruling given concerning Item four will apply to Item six.

The parties are advised that the Magistrate Judge will be available on the date Mr. Brothers' deposition is scheduled and if absolutely necessary the parties may contact the Magistrate Judge for any rulings needed during the course of that deposition.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge